Marguerite STASTNY, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Lillie ANDREWS, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Texie SPRINGS, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Mary ROGERS, Plaintiff,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.

Nos. C–C–75–22, C–C–75–374, C–C–76–117 and C–C–76–144.

United States District Court, W. D. North Carolina, Charlotte Division.

Feb. 8, 1978.

George S. Daly, Jr. and Casey, Daly & Bennett, Charlotte, N. C., for plaintiffs.

Vincent L. Sgrosso, Southern Bell Tel. & Tel. Co., Atlanta, Ga., John T. Allred, Robert D. Dearborn, Moore & Van Allen, Charlotte, N. C., R. Lawrence Ashe, Jr., Kilpatrick, Cody, Rogers, McLatchey & Regenstein, Atlanta, Ga., for defendant.

## ORDER REQUIRING DISCOVERY

McMILLAN, District Judge.

In the memorandum of decision filed on June 29, 1977, the plaintiffs' attorneys were ordered to provide information on their services so that an interim award of attorney fees could be considered. Plaintiffs' counsel provided such information by affidavits. In a motion filed December 2, 1977, the defendant indicated that although it does not contest that plaintiffs' attorneys spent the time indicated by their affidavits, it does contest that such time was "reasonable and necessary." In conjunction with that opposition the defendant requested an order requiring the plaintiffs' attorneys to produce their original time records in this case. The plaintiffs by a motion filed December 13, 1977, requested discovery of the defendant's expenses and attorney fees in this case. By a letter received December 19, 1977, which for these purposes is treated as a motion, the defendant requested that the plaintiffs' attorneys provide additional information related to the fees that they have received in other cases similar to this one. All the motions seek relevant information and all are granted.

■ *The original time records of plaintiffs' counsel.*—This information is clearly relevant to the defendant's objections. It should be produced.

■ *The defendant's expenses and attorney fees.*—The defendant says that its (non-fee) expenses in this litigation are not relevant because defendant does not contest the expenses claimed by plaintiffs. Amounts spent in defense having a bearing on the burden to be overcome by plaintiffs and on the importance of the case.

■ The defendant also objects to disclosure of the billing rates and fees charged by its Atlanta counsel. The objection is overruled. The case was tried in Charlotte. Atlanta is not a distant world but a nearby metropolis. Legal work was done by lawyers for both sides in both Atlanta and Charlotte. If the Atlanta-Charlotte fee spread is large, consideration can be given to that fact in weighing the evidence. The billing rates of local counsel are of course relevant. *Singer v. Mahoning County Board of Retardation,* 519 F.2d 748 (6th Cir. 1975).

■ The plaintiffs have also requested the name of and number of hours worked by each of the attorneys (eleven or more in number) who have worked on this case for the defendant. The defendant has opposed the disclosure of this information by assertion of the attorney-client privilege, as well as by asserting the alleged irrelevancy of the information.

The attorney-client privilege is designed to promote freedom of consultation between lawyer and client. The privilege may therefore prohibit the disclosure of communications from the client to the attorney. The number of hours that attorneys worked to prepare and try a case would not, however, be a "communication," and would not be subject to the privilege. *See Colton v. United States,* 306 F.2d 633 (2nd Cir. 1962).

■ In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative. Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a

presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable. The defendant must provide information as to the number of hours that each attorney (private and house counsel) spent on this case. They should also indicate on what matters the time was spent.

■■■ *Attorney fees by plaintiffs' attorneys in other Title VII or similar cases.*—The amount of attorney fees that are awarded by a court as part of the costs of an action is a discretionary decision dependent on the facts of that particular litigation. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Similarly, settlement of such fees by the parties depends on the facts of each particular case. However, it is relevant information and may be good evidence of the "market" in such cases, and should be produced.

IT IS THEREFORE ORDERED:

(a) That on or before February 20, 1978, plaintiffs shall file with the court and serve upon the defendant copies of the following:

1. All original time records in these actions, for services rendered through September 27, 1977; and

2. The fees received by plaintiffs' attorneys for all legal and related services in other Title VII or similar cases such as the runway case involving the Steele Creek Community Association. This includes fees set by the court, fees negotiated with opposing parties, and fees paid by clients. This information should specify the name, number of hours expended and billing rate for each private counsel and paralegal employee.

(b) That on or before February 20, 1978, defendant shall file with the court and serve upon the plaintiffs copies of the following:

1. The accrued charges to the defendant for all legal and related services rendered to date in this action, by any defendant's counsel (whether or not counsel of record), including specifically:

(i) The name, number of hours expended, and billing rate for each private counsel and paralegal employee; and

(ii) The name, number of hours expended and annual salary of each house counsel.

2. The accrued expenses to date of private counsel (not including office overhead expenses not specifically allocated to this action), and including specifically all accrued expert witness charges, computer time charges, travel expense, copying expense, telephone expense and the like.

3. The time and normal hourly cost of use of the defendant's computers in preparation for this case (excluding expenses prior to January 1, 1977, which related to producing computerized documents for plaintiffs).

4. A statement of whether private counsel, or any of them, intend in the future to adjust their regular hourly rates upward, or bill on a non-hourly rate basis, due to their view of the success of their representation herein, and if so a statement of how such adjustment is determined and its potential range.

IT IS FURTHER ORDERED that all the information required hereby to be disclosed shall be filed in sealed form and all such matters thus disclosed shall be kept confidential by all counsel except to the extent that the information may be disclosed by the court, if necessary, in any later order respecting counsel fees.