**Cynthia Jo SAMUEL et al., Plaintiffs,**

v.

**UNIVERSITY OF PITTSBURGH et al., Defendants.**

Civ. A. No. 71–1202.

United States District Court,
W. D. Pennsylvania.

Nov. 2, 1978.

Michael P. Malakoff, Richard R. Isaacson, James H. Joseph, Pittsburgh, Pa., for plaintiffs.

Robert P. Meehan, Harrisburg, Pa., R. Mark Faulkner, State College, Pa., Richard Z. Freemann, Jr., Philadelphia, Pa., Donald L. Very, Thomas F. Holloran, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

**MEMORANDUM AND ORDER**

ZIEGLER, District Judge.

### I. *History of Case*

The matter before the court is the motion of counsel for plaintiffs to compel

discovery of the billing rates and hours charged by counsel for the three defendants in representation of their clients. For the reasons set forth below, plaintiffs' motion will be denied.

## II. *Discussion*

Counsel for plaintiffs filed a petition for counsel fees in connection with the above captioned litigation.[1] They contend that discovery of defense counsels' time spent and normal billing rates is "relevant to the subject matter" under Rule 26(b)(1) and thus is one of the factors which this court should consider in calculating the "lodestar" (number of hours multiplied by reasonable hourly rate) in accordance with the standards articulated in *Lindy Brothers, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161 (3d Cir. 1973) (*Lindy I*) and *Lindy Brothers Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3d Cir. 1976) (*Lindy II*). We disagree.

In calculating the lodestar, a petitioner is entitled to credit for only the hours of legal service reasonably supportive of such claims. As the Third Circuit stated in *Hughes v. Repko,* 578 F.2d 483, 487 (3d Cir. 1978):

> In evaluating what hours are reasonably supportive, we believe *Lindy II* and *Merola II* require the district court to determine not only the number of hours actually devoted to the successful claims, but also whether it was reasonably necessary to spend that number of hours in order to perform the legal services for which compensation is sought.

Nowhere in *Lindy I* and *Lindy II*, or their progeny is it suggested that in determining the reasonableness of the hours expended the district court should consider the number of hours charged by opposing counsel because a given case may have greater precedential value to one side than the other. Moreover, a plaintiff's attorney, by pressing questionable claims or refusing to settle, may compel defense counsel to increase the number of billable hours and then posit that figure as a basis for a fee claim. *See Mirabal v. General Motors Acceptance Corp.,* 576 F.2d 729 (7th Cir. 1978).

Finally, once the court accepts the computation of opposing counsel's hours as a referent, it would be forced to determine whether those hours were "reasonably" related to the matter at bar. In the instant case, since defense counsel are not pursuing a claim for counsel fees, it would be highly inappropriate to sanction plaintiffs' request. In our judgment, the number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case.

It has been this writer's experience that the number of pre-trial hours which are required to represent a defendant in a civil case greatly exceed the pre-trial time required to represent a plaintiff. A defense attorney in a civil case, following receipt of the complaint, is frequently required to travel to the client's office to interview various individuals prior to filing an answer. Once an answer is filed, an initial "opinion" letter is mailed to the client which (1) summarizes the plaintiff's contentions; (2) reviews the applicable law and possible defenses; (3) recommends investigation and discovery; and (4) explains the potential exposure. The letter is lengthy and the initial legal research is intensive and time consuming. The client then begins a review of its files in response to directives of defense counsel, and forwards a copy of all relevant documents. With the receipt of each exhibit, memo or document, defense counsel must acknowledge receipt in writing and keep the client advised regarding the significance of each.

It is not uncommon to exchange numerous telephone calls at an early stage of the proceedings. This is due to the fact that a defendant is frequently unaware that liti-

---

1. Detailed statements of this case appear at 56 F.R.D. 435 (W.D.Pa.1972); 375 F.Supp. 1119 (W.D.Pa.1974); and 538 F.2d 991 (3d Cir. 1976).

gation is imminent until the complaint is received. In addition, claims are often not promptly filed. They frequently relate to matters which are considered closed by the client, and thus counsel must coordinate a search for records either personally or by letter.

Before each deposition, it is not uncommon for defense counsel to spend many hours reviewing the file to date. Then, after each deposition, he must summarize the deposition by letter to the client. Even when discovery is minimal, defense counsel must notify the client on a monthly basis of the status of the litigation. This is a particular burden to anyone familiar with defense work, but it is totally foreign to plaintiff's counsel unless he represents a corporate client. For example, it is not common practice for plaintiff's counsel to advise an individual plaintiff, or class member, of the status of the litigation on a monthly basis. Nor is it common for plaintiff's counsel to summarize a deposition in writing for the benefit of an individual plaintiff.

The same burden inures to defense counsel with the filing of interrogatories by either party. Defense counsel must review in writing the answers of plaintiff to defendant's interrogatories and notify the client. Plaintiff's counsel does not. Defense counsel must summarize the documents which are produced by plaintiff and forward a copy of each with the summary to the client. Again, plaintiff's counsel does not.

It should also be noted that after each status or pretrial conference, a defense attorney must notify the client of all developments at the conference. It is very uncommon for plaintiff's counsel to communicate with his clients at this stage of the litigation, unless an offer of settlement has been made, or unless plaintiff's counsel represents a corporation.

Finally, a defense attorney is obligated to review the file and summarize the case for the client prior to trial. The question of settlement is invariably linked to liability, damages, precedent, publicity and, perhaps, future counsel fees. None of these factors

are generally reviewed in writing by plaintiff's counsel for the litigation is controlled to a greater extent by plaintiff's counsel than counsel for a defendant. While plaintiff's counsel will certainly discuss settlement options with his client prior to trial, this effort is minute when compared to the written defense review prior to trial.

The foregoing discussion has been limited to the pre-trial hours of counsel for both parties. Moreover, we have specifically excluded any discussion of the various pleadings which are initiated by the parties. Here again a defendant is generally the moving party since the defendant is attempting to discover the merits of the cause of the action. Once the trial begins, of course, the chargeable hours of both attorneys are reasonably similar. However, prior thereto, it is fair to state that the hourly demands of defense counsel, when compared to an attorney representing an individual or class plaintiff, is approximately three to one.

It is common knowledge at this bar, particularly among those able attorneys who represent both plaintiffs and defendants, that the hourly demands and paper work of a defense attorney far exceed the requirements of plaintiff's counsel. The reason is clear. A defense attorney is representing a client which demands current knowledge of the status of litigation. The same does not obtain with regard to class counsel.

In summary, we hold that the number of hours which defense counsel expended in this case in representing several educational institutions, have no relevance to the question of the reasonable number of hours which were required of class counsel representing non-corporate plaintiffs.

■ We also conclude that the hourly rate of defense counsel is not relevant to the reasonableness of the hourly rate sought by a plaintiff's counsel. Plaintiffs' reliance on *Rodriguez v. Taylor,* 569 F.2d 1231 (3d Cir. 1977) is misplaced. In *Rodriguez,* the question before the Court was the method to determine legal fees for legal service organizations. The Court explained:

To the extent salary levels are relevant, the appropriate referent would be comparable salaries earned by private attorneys with similar experience and expertise in equivalent litigation.

It is clear that the Court was not suggesting, as plaintiffs urge, that defense counsel fees are the appropriate referent in such cases, but rather that the district court consider the "community average" for attorneys "with similar experience and expertise in equivalent litigation." *See, Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208 (3d Cir. 1978).

Plaintiffs are unable to cite any case in this circuit in which the billing rates and hours of opposing counsel were discoverable for the purpose of applying the *Lindy* standards. Instead, they direct the court's attention to two district court cases from other circuits which have required production of such information. *See, Stastny v. Southern Bell & Telegraph Co.,* 77 F.R.D. 662 (W.D.N.C.1978); *Younger v. Glamorgan Pipe & Foundry Co.,* (W.D.Va. Nov. 12, 1975). We find the reasoning on those cases to be unpersuasive.

Although precedent on this issue is meager at best, two district courts in this circuit have dealt with the question. In *Baughman v. Wilson Freight Forwarding Co., supra,* Judge William Knox of this court refused to admit fee bills submitted to the defendant by its attorney for the work performed in that case in order to establish the alleged excessive fee claim of plaintiff's counsel. The propriety of the ruling was not discussed by the Court of Appeals. Similarly, in *Comm. v. Neill,* 431 F.Supp. 700 (E.D.Pa.1977), the district court rejected defendant's request to compare the total fees requested by plaintiff's counsel with the salaries received by defendant's counsel. *Id.* at 703, 704, n.4.

Accordingly, since, in our judgment, the materials sought herein are not relevant to the subject matter as required by Rule 26(b) of the Federal Rules of Civil Procedure, plaintiffs' motions to compel answers to interrogatories and production of documents must be denied.

An appropriate order will follow.