Eula Lee BLOWERS, Patricia Loughney, Mary Nageotte, Vincenza Linda Grice, Pascha Baker, Pat Prusak, Ellen Michelson, Elizabeth Ares, Margaret Moulton, Beverly Neatrour, Virginia Sweeney and Genesee Valley Chapter of the National Organization For Women, Plaintiffs,

v.

LAWYERS COOPERATIVE PUBLISHING COMPANY, INC.; Donald Bennett; Charles Donner; Robert Fein, Defendants.

No. CIV–73–47.

United States District Court, W. D. New York.

Dec. 8, 1981.

Emmelyn Logan-Baldwin, Rochester, N. Y., for plaintiffs.

David L. Hoffberg, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964. Following a non-jury trial on the merits of the case, I entered my Memorandum, Findings of Fact, Conclusions of Law and Order which concluded that plaintiff Blowers had been unlawfully discharged in retaliation for having complained of defendants' alleged discriminatory conduct. *See,* 42 U.S.C. § 2000e–3(a). The matter is currently pending before me for the fashioning of relief, including an award of attorney's fees. *See,* 42 U.S.C. § 2000e–5(k).

Plaintiff filed and served Interrogatories on defendants August 12, 1981 requesting information concerning legal services pro-vided in this case by defendants' law firm, Nixon, Hargrave, Devans & Doyle. The Interrogatories would require defendants to state: (1) the basis of its retainer with the law firm in this case; (2) the hourly rate at which defendants have been billed for any attorney, associate, paralegal or other person working on the case from 1971 to present; (3) the total fees billed with respect to the case from 1971 to present; (4) the total costs or disbursements billed with respect to the case from 1971 to present;[1] and (5) the number of hours billed for any attorney, associate, paralegal or any other person for each year from 1971 to present. Defendants have moved for a protective order with respect to such Interrogatories on the grounds that the information sought is irrelevant to Blowers's claim for attorney's fees.

The question whether information concerning legal services provided to a defendant in an action under Title VII may be discovered in connection with an award of attorney's fees to the plaintiff has resulted in a split of authority. Such discovery has been permitted in two cases, *Naismith v. Professional Golfers Ass'n,* 85 F.R.D. 552 (N.D.Ga.1979) and *Stastny v. Southern Bell Telephone & Telegraph Co.,* 77 F.R.D. 662 (W.D.N.C.1978), but was disallowed in *Samuel v. University of Pittsburgh,* 80 F.R.D. 293 (W.D.Pa.1978). The question appears to be one of first impression among courts in this circuit. For the reasons set out below, I hold that information concerning the amount of time spent by defendants' law firm in defending the action and the amount of costs and disbursements may be discovered, but that the amount of legal fees expended by defendants may not.

Title VII provides that in any action brought thereunder, "the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the

---

1. I have assumed that Plaintiffs' Interrogatory number 4 refers to costs or disbursements oth-er than legal fees.

costs * * *." 42 U.S.C. § 2000e–5(k).[2] The amount of an award of attorney's fees is determined through a two-step process. Initially the court must establish the so-called "lodestar figure" by multiplying the number of hours expended by the attorneys on the prevailing party's behalf by the hourly rate normally charged for similar work by attorneys of like skill in the area. *Cohen v. West Haven Bd. of Police Com'rs*, 638 F.2d 496, 505 (2d Cir. 1980). The lodestar figure may then be adjusted upward or downward according to certain subjective factors such as the risk and complexity of the litigation and the quality of the representation. *Ibid.; Stenson v. Blum*, 512 F.Supp. 680, 682–683 (S.D.N.Y.1981).[3]

Defendants have argued that information concerning legal services rendered on their behalf is irrelevant with respect to plaintiff's claim for attorney's fees.[4] Plaintiff contends that such information is probative on the question whether the amount of time expended by her attorney was reasonable. In support of this contention, plaintiff relies on *Stastny v. Southern Bell Telephone & Telegraph Co., supra*, at 663–4, wherein the court stated:

"In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative.

Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable."

Defendants' argument that the information requested by plaintiff is irrelevant to her claim for attorney's fees is supported by *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729 (7th Cir.), *cert. denied* 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978), and *Samuel v. University of Pittsburgh, supra*. In *Mirabal*, the court affirmed the trial court's award of fees amounting to $2,000 in an action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. The court rejected the plaintiff's argument that the award should have been increased in view of the fact that the defendant's attorneys were paid over $30,000. Similarly, in *Samuel, supra* at 295, the court held that "the number of hours which defense counsel expended in this case * * * [has] no relevance to the question of the reasonable number of hours which were required [to represent plaintiff]." The court expressly declined to follow *Stastny*.

I am persuaded by the reasoning of *Stastny* insofar as it concerns the amount of time

**2.** Defendants dispute that Blowers is a "prevailing party" within the meaning of section 2000e–5(k). On the current motion, however, the issue which has been presented is whether, assuming that Blowers is entitled to an award of fees, information concerning legal services provided to defendants in connection with this case is relevant in determining the amount of such a prospective award.

**3.** In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–9 (5th Cir. 1974), the court directed that an application for attorney's fees under Title VII be considered in light of the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, repu-

tation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These guidelines have been adopted and applied by courts in this circuit. *See, Prate v. Freedman*, 583 F.2d 42, 48 (2d Cir. 1978); *Thomas v. Board of Ed.*, 505 F.Supp. 102, 104 (N.D.N.Y.1981); *Swift v. Blum*, 502 F.Supp. 1140, 1147 (S.D.N.Y.1980); *Ross v. Saltmarsh*, 500 F.Supp. 935, 947 (S.D.N.Y.1980).

**4.** They assert (although not with much vigor) that the information sought by Blowers is privileged. General information such as the number of hours worked by an attorney in connection with a particular case is not a privileged "communication" between client and attorney. *Colton v. United States*, 306 F.2d 633 (2d Cir. 1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). *See, Stastny v. Southern Bell Telephone & Telegraph Co., supra*, at 663.

expended by defense counsel and the costs and disbursements, other than legal fees, incurred by defendants. The amount of time spent by defendants' attorneys on a particular matter may have significant bearing on the question whether plaintiff's attorney expended a reasonable time on the same matter. Moreover, if it appears that defense counsel expended a substantial amount of time defending Blowers's claim of retaliatory termination, this may suggest that her attorney's presentation of such claim was particularly skillful and that she should therefore be entitled to an upward revision of the lodestar figure. The amount of costs and disbursements incurred by defendants also has some bearing on the reasonableness of plaintiff's own costs and disbursements.

Of course, in deciding to adhere to *Stastny*, I reject the approach taken in *Mirabal* and *Samuel*. The latter cases are both premised upon considerations which do not concern whether the information plaintiff seeks to discover is relevant to her claim for attorney's fees, but which relate to the proper evidentiary weight to be accorded such information. In *Mirabal*, for example, the court suggested that a plaintiff's attorney, by pursuing weak or frivolous claims, could force the defendant to incur substantial fees which the plaintiff might later attempt to use as a basis for his own claim for fees. *Mirabal v. General Motors Acceptance Corp., supra*, at 731. *See, also, Samuel v. University of Pittsburgh, supra*, at 294. The *Mirabal* court also suggested that a case may have greater precedential value for a defendant than for the plaintiff. *Mirabal v. General Motors Acceptance Corp., supra*, at 731. In *Samuel*, the court

seemed to express a similar concern when it pointed out numerous differences between the work performed by plaintiff's and defendant's attorneys. *Samuel v. University of Pittsburgh, supra*, at 294–5.[5]

At the present time, I am only concerned with the relevance of the information which plaintiff seeks to discover, rather than the weight of such information as evidence. If circumstances such as those discussed in *Mirabal* and *Samuel* are present in this case, defendants are free to describe them in appropriate affidavits.[6] The mere possibility that the significance of the information which plaintiff seeks to discover may be discounted due to such circumstances does not, however, mean that plaintiff should be precluded from obtaining the information. Thus, in *Naismith v. Professional Golfers Ass'n, supra*, at 563, the court elected to adhere to *Stastny* rather than *Mirabal* and *Samuel*, stating:

> "The Court need not at this time decide how much weight to place on defendants' attorneys' hours, but those hours are at *least* minimally relevant. * * * [The factors relied on in *Mirabal* and *Samuels*] would be significant in deciding what weight to give evidence of defendants' attorneys' hours, but they do not preclude the discovery of such evidence."

I therefore conclude that defendants must answer plaintiff's Interrogatories concerning the amount of time expended by their attorneys in this case and the amount of costs and disbursements incurred by them.

Plaintiff is not however entitled to discover information concerning the amount of legal fees incurred by defendants in this action. The lodestar figure is determined according to the hourly rate normally

---

**5.** In *Mirabal*, the court also stated that "the amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case." *Mirabal v. General Motors Acceptance Corp., supra*, at 731. This suggestion relates to the relevance of information concerning the amount of fees charged to defendants, an issue which can (and should) be severed from the discoverability of information

concerning the amount of time expended by defense counsel.

**6.** Blowers has succeeded on her claim of retaliatory discharge, but I have found that the other plaintiffs' claims are without merit. With respect to Blowers's claim for fees, the probative value of evidence concerning the amount of time expended by defense counsel will probably depend, to a large extent, on the amount of time spent defending Blowers's claim of retaliatory discharge.

charged for similar work by attorneys of like skill in the area. The hourly rates charged to defendants by their attorneys in this particular case is simply not relevant in determining the prevailing hourly rate in the area. Plaintiff has not requested general information concerning the normal rates charged by defendants' attorneys in similar cases, but has particularized her Interrogatories. The particular rates charged by defendants' attorneys in this action reflect only the rates charged in one specific case by one specific law firm but do not have a bearing on the general hourly rate normally charged for similar legal work in the area. In this respect, I decline to follow *Stastny, supra,* and *Naismith, supra.*

Based on the foregoing discussion, defendants' motion for a protective order is hereby ORDERED granted with respect to Interrogatories 1, 2 and 3 but is ORDERED denied with respect to Interrogatories 4 and 5.