## BOUYER v FORTUNE INSURANCE COMPANY, etc.

### Case No. CO86-111

County Court, Orange County
July 7, 1987

#### APPEARANCES OF COUNSEL

**Dennis Hightower** for plaintiff.
**Susan Harwood** for defendant.

#### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

A prevailing party seeking attorney's fees is entitled to an opposing party's time sheets which includes a summary of how the hours were expended.

The plaintiff in this case prevailed on the merits and now seeks attorney's fees from the defendant. The sole issue before the court is the *amount* of recovery due to the plaintiff, not whether the plaintiff is entitled to attorney's fees.

The plaintiff has sought to discovery defense counsel's time sheets and summaries of hours expended in preparing the defendant's case. Counsel for the defense has interposed objections to plaintiff's request on three grounds: 1) relevancy, 2) attorney-client privilege; and 3) work product privilege.

This court finds that defendant's objections fail on all three grounds and accordingly grants plaintiff's motion to produce. The court's reasoning is as follows:

## I. THE RELEVANCY OF DEFENDANT'S TIME RECORDS

Florida Rule of Civil Procedure 1.280(b)(1) defines the scope of discovery as including any matter, not privileged, that is relevant to the pending action. The question of whether information concerning legal services provided to a defendant may be discovered in connection with an award of attorney's fees to a prevailing plaintiff has been addressed by the federal courts on several occasions.[1] Since this is a case of first impression in the state of Florida, what federal courts have deemed relevant, and thus within the scope of discovery, is pertinent.

The prevailing rule among the federal courts is that the hours expended by the defense counsel on a case are relevant in determining what hours the plaintiff's counsel should reasonably have spent.[2] In *Stastny*, 77 F.R.D. 662 (W.D.N.C. 1978) at pages 663-664, the court explained the rationale of why the losing counsel's hours are relevant in determining the winning party's fees:

Two case, *Samuel v. University of Pittsburg*, 80 F.R.D. 293 (W.D. Pa. 1978) and *Mirabal v. General Motors Acceptance Corp.*, 576 F.2d 729 (7th Cir.), cert. denied 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed. 699 (1978), have held that the number of hours put into a case by the

---

[1] *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562 (C.A. Pa. 1984) at 587; *Blowers v. Lawyers Co-op Publishing Co., Inc.*, 562 F. Supp. 1324 (W.D.N.Y. 1981); *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552 (N.D. Ga. 1979); *Stastny v. Southern Bell Telephone and Telegraph Co.*, 77 F.R.D. 662 (W.D.N.C. 1979).

[2] *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562 (C.A. Pa. 1984) at 587; *Blowers v. Lawyers Co-op Publishing Co., Inc.*, 562 F. Supp. 1324 (W.D.N.Y. 1981); *Naismith v. Professional Golfer's Association*, 85 F.R.D. 552 (N.D. Ga. 1979); *Stastny v. SOuthern Bell Telephone & Telegraph Co.*, 77 F.R.D. 662 (W.D.N.C. 1978); *Craik v. Minnesota State University Board et al.*, 738 F.2d 348 (8th Cir. 1984).

defense is not discoverable, but these decisions have not been followed by later courts. *Mirabal* and *Samuel* were premised on factors governing the evidentiary weight that should be given to defense counsel's hours, not whether such evidence is relevant. See *Naismith,* supra, at 563 and *Blowers,* supra, at 1327.

In a contrast over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative. Each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue.

Especially where the defense argues that the prevailing plaintiff's counsel has spent too much time on a case, it is only fair to allow plaintiff's counsel to rebut that argument by discovering how much time the defense has spent on the same case. See *LaFerney v. Scott Smith Olds,* 410 So.2d 535 (Fla. 5th DCA 1982). There may be explainable differences between the number of hours spent by a defendant's lawyer and a plaintiff's lawyer, but "the court need not at this time decide how much weight to place on defendant's attorney's hours, but those hours are at least minimally relevant." *Naismith v. Professional Golfer's Association,* 85 F.R.D. 552 (N.D. Ga. 1979) at 563.

## II. DEFENDANT'S COUNSEL TIME RECORDS ARE NOT WITHIN THE ATTORNEY-CLIENT PRIVILEGE.

The attorney-client privilege protects communication between an attorney and his client from public disclosure in the interest of encouraging full disclosure of facts by the client to his attorney. But ordinarily, the privilege applies only to the *content* of those communications.[3]

The time records desired by the plaintiff here concern the general

---

[3] *Colton v. United States,* 306 F.2d 633 (2nd Cir. 1962); *In Re Dayco Corp. Derivative Securities Litigation,* 102 F.R.D. 633 (S.D. Ohio 1984); *In Re Grand Jury Proceedings (Twist),* 689 F.2d 1351 (11th Cir. 1982); *In Re Grand Jury Proceedings (Fine),* 641 F.2d 199 (5th Cir. 1981); *United States v. Ponder,* 475 F.2d 37 (5th Cir. 1973); *Tillotson v. Boughner,* 350 F.2d 663 (7th Cir. 1965); *N.L.R.B. v. Harvey,* 349 F.2d 900 (4th Cir. 1965); *Baird v. Koerner,* 279 F.2d 623 (9th Cir. 1960); *Eastern Airlines v. Gellert,* 431 So.2d 331 (Fla. 3d D.C.A. 1983); The only times legal services rendered have been considered within the attorney-client privilege have been when disclosure would expose the client to criminal liability. *In Re Grand Jury Proceedings (Twist),* supra, at 1352; Erhardt, Florida Evidence section 502.5 (2d Ed. 1984).

44

nature of legal services rendered to the defendant. They would reveal only the fact that communications were made, not the substance of those communications.

## III. DEFENDANT'S COUNSEL'S TIME RECORDS ARE NOT WITHIN THE WORK PRODUCT PRIVILEGE

The work product privilege exempts information prepared by an attorney in anticipation of litigation from disclosure to the opposing party. This ensures that the attorney will be able to protect his client's interests within the framework of our justice system. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 457 (1947). However, the Florida Third District Court of Appeal in *Eastern Air Lines v. Gellert*, 431 So.2d 329 (3d D.C.A. 1983) held that records of payments to attorneys are not documents which come within the definition of work product, since they are not prepared in anticipation of litigation. In that case, actual payments made to an attorney were allowed to be discovered. All the prevailing party here wants are summaries of time spent and work performed, nothing more.

In addition, the Supreme Court of Florida has indicated that "work product" includes documents produced by the thought processes of attorneys. *Surf Drugs, Inc. v. Vermette*, 236 SO.2d 108 (Fla. 1970). The lawyer's personal views, evaluations, knowledge and notes to be referred to at trial are examples of protected material. Keeping time records, on the contrary, does not require the knowledge or analytical skill of a lawyer, and revealing them would not expose a lawyer's trial strategy to the opposition. Therefore, such records should not be protected by the work product privilege.

Having ruled that the defendant's counsel's time records are relevant to the plaintiff's claim for attorney's fees and not within the attorney-client or work product privileges, plaintiff's motion for production of that information is hereby granted. The defense's time records may be used to rebut the argument that the plaintiff's counsel spent too much time on the case.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 7th day of July, 1987.