677 So.2d 986 (1996)
Christopher A. SULLIVAN, Appellant,
v.
Ransom L. SULLIVAN, Appellee.
No. 95-1097.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
Mark M. O'Mara of Mark M. O'Mara, P.A., Winter Park, for Appellant.
No Appearance for Appellee.
THOMPSON, Judge.
Christopher A. Sullivan, the former husband, appeals the final judgment of dissolution of marriage. We affirm the final judgment in all respects except that we reverse the part awarding the former wife attorney's fees.
The former husband is correct that there was no testimony that the former wife paid her attorney any money or that she owed him any money. In addition, the order contains no findings regarding the time expended, the hourly rate, or the reasonableness of the fees.
In the absence of a stipulation fixing the dollar amount [of attorney's fees], the burden is on the moving party to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered and to which he is reasonably entitled.... "The very nature of these allowances, constituting, as they do, enforceable costs in a court of justice, command and should receive the closest scrutiny of the courts and should never be awarded in a perfunctory proceeding." Lewis v. Gramil Corp. (Fla. 1957), 94 So.2d 174.
Sierra v. Sierra, 505 So.2d 432, 434 (Fla. 1987) (quoting Lee Eng'g & Const. Co. v. *987 Fellows, 209 So.2d 454, 457 (Fla.1968)). In the instant case, because there was no evidence to support it, the portion of the judgment awarding the former wife attorney's fees is reversed. We remand for a hearing on the amount and reasonableness of the fees incurred by the former wife. See Steele v. Steele, 617 So.2d 736 (Fla. 2d DCA), rev. denied, 626 So.2d 208 (Fla.1993); Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986).
JUDGMENT AFFIRMED; REVERSED and REMANDED for attorney's fees hearing.
HARRIS and ANTOON, JJ., concur.