Sandra L. DAVIS, Plaintiff,

v.

**FIDELITY TECHNOLOGIES CORP.
and Harold Loeblein, Defendant.**

No. 92–2091–HV.

United States District Court,
W.D. Tennessee,
Western Division.

June 4, 1998.

---

**330**

Hite McLean, Jr., Law Offices of Hite McLean, Jr., Memphis, TN, for Plaintiff.

Louis P. Britt, III, McKnight, Hudson, Ford & Harrison, Memphis, TN, for Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

VESCOVO, United States Magistrate Judge.

Before the court is plaintiff's motion filed May 18, 1998, for an order compelling the defendant Fidelity Technologies Corporation ("Fidelity") to produce, for plaintiff's inspection and copying, all fee and expense statements which it has received from its attorneys in connection with this litigation. Specifically, plaintiff seeks expenses, particularly those reflecting postage and copying, total attorney and paralegal fees, and "summaries of daily hours worked by attorneys and paralegals." The motion was referred to the United States Magistrate Judge for determination.

Plaintiff brought this Title VII action charging that five defendants—Fidelity, Harold Loeblein, Joseph E. Russell, Daedalean Corp. and Paul Patterson—retaliated against her by failing to hire her because she had filed sexual harassment charges with the EEOC against her former supervisor, the defendant Loeblein. The case was tried to the court. In a memorandum opinion filed March 6, 1998, judgment was entered in favor of the plaintiff and against Fidelity. The court further determined that, as the prevailing party, the plaintiff was entitled to attorney fees and expenses. The amount of a reasonable attorney fee and expenses was referred to the magistrate judge for a report and recommendation.

In support of her claim for $111,330 in attorney fees and $4,640.90 in expenses, plaintiff has filed her attorney's affidavit along with his billing statement detailing the work performed by him in connection with this case. Fidelity has contested various aspects of plaintiff's request for fees and expenses. In order to respond to Fidelity's opposition, the plaintiff requested that Fidelity produce copies of its own billing statements from its attorneys for fees and expenses incurred in this litigation. Relying on *Stastny v. Southern Bell Telephone & Telegraph Co.*, 77 F.R.D. 662 (W.D.N.C.1978), the plaintiff contends that Fidelity's attorneys fees and expenses "[have] a bearing on the amount of effort reasonably expended in overcoming opposition." (Pltf.'s Mot. at 2.)

Fidelity opposes the motion to compel information concerning its attorney fees and expenses for several reasons. First, Fidelity contends that the motion is premature because it was filed prior to the expiration of time for it to respond to the request for production of documents. Second, Fidelity argues that post-trial discovery is not permitted under Rule 34, and last, Fidelity insists the information sought is irrelevant to the issue of reasonableness of the plaintiff's attorney fees and expenses.

The court declines to deny the motion on the two procedural grounds advanced by Fidelity. Although technically the motion was premature when filed because Fidelity's thirty days to respond to the request for production had not yet elapsed, more than thirty days have since elapsed and Fidelity has still not responded. The purpose of the rules is to promote the "just, speedy, and inexpensive determination of the every action." Fed. R.Civ.P. 1. Rather than require the plaintiff

to perform the useless act of refiling the motion, the court will consider the motion as timely filed. As to Fidelity's second argument, Fidelity is correct in that Rule 34 does not provide for post-judgment discovery. However, a final judgment on all issues has not been entered and therefore this is not post-judgment discovery. Moreover, the deadline for discovery imposed by the Rule 16 Scheduling Order may be amended for good cause. The court finds, *sua sponte,* that good cause exists for extending the discovery deadline to allow for limited discovery on the issue at hand. Therefore, the court will consider the motion on its merits.

The only issue remaining is whether the information requested concerning Fidelity's attorney fees and expenses is relevant to plaintiff's request for attorney fees and expenses.

There is a split of authority regarding the relevance of discovery into opposing counsel's billing information in connection with fee petitions of the prevailing party. Some courts have held that discovery of opposing counsel fees and expenses may be irrelevant because one side may employ more experienced counsel who bills at a higher rate. *See Johnson v. University College of University of Alabama in Birmingham,* 706 F.2d 1205 (11th Cir.1983). Or, the case may have greater precedential value to a defendant than a plaintiff, justifying the expenditure of more money in defense. *See Mirabal v. General Motors Acceptance Corp.,* 576 F.2d 729, 731 (7th Cir.1978). Or, if faced with treble damages, a defendant may be willing to invest more money defending the case than a plaintiff would prosecuting the case. *See Ohio–Sealy Mattress Manufacturing Co. v. Sealy, Inc.,* 776 F.2d 646 (7th Cir.1985).

Other courts have found evidence of the opposing party's attorneys fees and expenses relevant to the reasonableness of plaintiff's fees. *Stastny v. Southern Bell,* 77 F.R.D. 662, 663 (W.D.N.C.1978)(allowing discovery of billing rates of opposing counsel and number of hours each counsel worked during contest over plaintiff's fee petition); *Chicago Professional Sports Limited Partnership v. National Basketball Association,* 1996 WL 66111, *3 (N.D.Ill.1996) (finding that discovery of NBA's litigation expenses while not determinative is reasonably calculated to lead to admissible evidence regarding the reasonableness of plaintiffs' attorney's fees). Furthermore, there is also authority that any characteristics unique to opposing counsel's fees, such as experience of counsel, risks involved, or greater precedential value, should go to the weight of the evidence rather than admissibility. *See Coalition to Save Our Children v. State Board of Education,* 143 F.R.D. 61, 65, nn. 2–3 (D.Del.1992) (permitting discovery of opposing counsels' time, billing rates, total fees and expenses).

Three circuits have expressly recognized that the determination is within the discretion of the trial court and that it is not an abuse of discretion to refuse discovery of information regarding fees and expenses of opposing counsel. *Johnson v. University College of University of Alabama in Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983) (holding the district court did not abuse its discretion in quashing plaintiff's subpoena for defendant's records reflecting total hours of counsel, expenses incurred, and fees paid); *In Re Fine Paper Antitrust Litigation,* 751 F.2d 562, 587 (3rd Cir.1984) (finding no abuse of discretion by district court in denying plaintiff's motion for in camera production of fees paid by defendants because such discovery could generate inquires into collateral matters even though information may have been relevant); *Ohio–Sealy Mattress Manufacturing Co. v. Sealy, Inc.,* 776 F.2d 646, 659 (7th Cir.1985) (holding that the district court did not abuse its discretion by denying plaintiff's motion to compel discovery in connection with plaintiff's fee petition of the hours worked by Sealy's attorney "[w]ithout suggesting the court would have erred by compelling discovery").

In this case, the court finds that the relevance of discovery into Fidelity's counsel's billing statements is dependent on the nature of the objections Fidelity raised to plaintiff's fee request. Fidelity asserted three objections to plaintiff's request for fees and expenses: (1) Plaintiff's request includes unnecessary and excessive charges; (2) Plaintiff's request includes charges pertaining to defendants who were dismissed; and,

(3) Plaintiff's request includes charges for clerical and secretarial work at attorney and paralegal rates.

As to the last two challenges, Fidelity's attorneys statements are completely irrelevant. The propriety of awarding fees for work performed in pursuing defendants who were not held liable is strictly a legal question. Fidelity's attorney fees are also irrelevant as to whether clerical and secretarial work should be reimbursed at a paralegal's rates or an attorney's rates.

However, Fidelity's attorney fee statements could be relevant to responding to portions of the first objection that plaintiff's fee request includes unnecessary and excessive charges. Fidelity's excessiveness objection primarily focuses on 42 hours spent by plaintiff's counsel from April 26 through May 8, 1995 preparing proposed pretrial findings of facts and on 50 hours spent from February 10–18, 1997 reviewing defendant's proposed post-hearing findings of facts and conclusions of law and other tasks related to the proposed findings. Both the plaintiff and Fidelity were required to prepare proposed findings of fact and conclusions of law in advance of trial and following the non-jury trial. To do so, both parties would have had to review similar material, for instance, deposition transcripts, trial transcripts and case authorities. The number of hours spent by defense counsel in preparing proposed findings of facts and conclusions of law may well be the best measure of what amount of time is reasonable for this task. The court finds, therefore, that Fidelity's expenditures in completing these tasks are relevant and probative.

As part of its claim of unnecessary work, Fidelity also points to the time spent by the plaintiff in the futile attempts to secure the attendance of a Department of Labor employee at trial as a witness. The court cannot fathom how fees and expenses charged by Fidelity's counsel could shed any light on the reasonableness of this endeavor by the plaintiff.

Fidelity also objects to plaintiff's estimate of $300 for copying costs and $300 for postage, demanding a specific itemization. The burden is on the plaintiff to support its claim for reimbursable expenses. Whether Fidelity's counsel estimated or itemized the number of copies it made or stamps used is not probative of the number of copies made or stamps used by the plaintiff.

In sum, discovery of the amount of time spent by defense counsel in preparing, researching, reviewing, revising, and filing proposed findings of facts and conclusions of law, regardless of the party involved or the dates involved, is discoverable. Fidelity is ordered to produce within eleven (11) days of the date of this order redacted billing statements received from its attorneys reflecting these tasks, the hours expended by counsel and paralegals, and the dates the services were rendered.

IT IS SO ORDERED.