739 So.2d 720 (1999)
John Alfred MANGEL, Appellant,
v.
BOB DANCE DODGE, INC., etc., et al., Appellees.
Nos. 98-662, 98-1657.
District Court of Appeal of Florida, Fifth District.
September 10, 1999.
*721 J. Gordon Blau, of J. Gordon Blau, P.A., Orlando and Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Maitland, for appellant.
Jamie Billotte Moses and Lora A. Dunlap, of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for appellees Bob Dance Dodge, Inc. and American Bankers Insurance Company of Florida.
Mark L. Van Valkenburgh and William H. Robbinson, Jr., of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellee Barnett Bank.
GRIFFIN, J.
Appellant seeks review of an order of the lower tribunal concerning attorney's fees and fees for the fee expert in litigation arising out of wrongful acts by appellee, Bob Dance Dodge, Inc., in the sale of a used car.
On March 10, 1996, John Alfred Mangel ["Mangel"] bought a used Eagle Vision from Bob Dance Dodge, Inc. for $17,444. Mangel maintains that during negotiations, he asked whether the car had been wrecked and was told that it had not. Two days after the purchase, however, Mangel had the car inspected and learned that the car had been previously wrecked. Mangel asked Bob Dance Dodge to rescind the sale and take back the car, but the dealer refused.
Mangel brought suit against Bob Dance Dodge asserting claims for fraud, intentional misrepresentation, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unfair trade practices.
The parties entered into a settlement pursuant to which Bob Dance Dodge and its surety agreed to pay Mangel the sum of $32,000 and to pay off the balance due to Barnett Bank on the loan for the Eagle Vision, after which the car was to be returned to Bob Dance Dodge. The agreement also provided that Mangel was "entitled to an award of reasonable attorney's fees and taxable costs, the amount of which shall be determined by the court at a duly noticed future evidentiary hearing after discovery has been conducted by the defendants on this issue."
Mangel then moved to tax costs and attorney's fees, and requested a fee multiplier, which he asserted was appropriate for certain claims contained in the complaint. The court held a hearing on the fee issue. At the outset of the hearing, the court considered a motion to quash filed by defendants, in which they sought to quash a subpoena seeking the production of their own attorney billing records. Mangel contended that defendants' fees records should be produced for the purpose of comparison, since defendants had asserted that the fees sought by Mangel's attorney were excessive. The court granted the motion to quash, finding that the fees charged by defendants' attorneys were not relevant to Mangel's fees.
After the motion to quash had been resolved, Mangel's attorney, J. Gordon Blau, introduced a number of documents into evidence, including his fee affidavit and time slips. The affidavit stated that *722 Blau had spent 229.90 hours in prosecuting the action, at an hourly rate of $225, incurring fees totaling $51,727.50. This included 20.3 hours spent since the settlement, much of which was attributable to establishing the amount of Blau's fees. Mangel also offered the testimony of Dennis Fountain, an attorney, as an expert to review his files. Mangel represented that he had paid Fountain for approximately seven and a half hours of work at the rate of $175 an hour. Blau's cost affidavit showed that Mangel had incurred $4,598.45 in costs. Blau also offered a copy of the settlement agreement, as well as a copy of his contingency fee agreement with Mangel, which provided in relevant part as follows:
Attorney agrees to represent Client in this matter on a contingency fee basis in the amount of 40% of any proceeds realized by judgment, award or settlement which exceed Client's actual damages, together with attorney's fees payable to attorney as determined by Court Order in accordance with statutory and case law. It is the intent of this Agreement for Client to recover all actual damages without Attorney sharing in any actual damages recovered by judgment, award of [sic] settlement. In the rare event punitive or other damages are obtained in excess of actual damages, Client and Attorney agree that Attorney shall be paid and receive 40% of the excess.
Mangel argued at the hearing that he was entitled to a fee multiplier of 2.5.
In a lengthy written order, the court awarded Mangel attorney's fees in the amount of $12,885, together with interest beginning October 16, 1997 (the date the request for fees was filed). Mangel was also awarded costs of $468.50, without prejudice to his right to seek additional costs. In the order awarding Mangel fees, the court rejected Blau's contention that he was entitled to fees in excess of $100,000, finding the 230 hours compensation sought by Blau was excessive, and that 142.2 hours was a more reasonable amount of time to have spent on the case, in view of the "total case," which had involved a $16,000 claim. The court noted that an additional ten hours had been reasonably expended in litigating the fee issue, but found that this money was not compensable, since the client had no interest in establishing the amount of Blau's fee. The court further found that Blau was entitled to an hourly rate of $175 per hour, and not the $225 which Blau had sought. The court stated that:
In the nearly twelve years that I have been on the bench in Seminole County I have not seen a lawyer claim that high an hourly amount for what amounts to a consumer claim topped with legal embellishments.
The court further found that no extraordinary legal skills were needed to prosecute the case, that the case had not precluded Blau from accepting other employment other than as a result of the unnecessary time spent litigating the action, and that the fee was "almost assured" because early in the case the car was proved to have been wrecked. The court concluded that:
[T]aking all of these factors into consideration the amount of $24,885.00 is a reasonable and more than adequate fee for the services of the plaintiff's lawyer in this case. Of this amount, $12,000 has been paid pursuant to a contingency fee contract in evidence so the total fee awarded which the defendant must pay is $12,885.00 which bears interest since October 16, 1997, the date which the offer to settle was accepted.
The court declined to apply a multiplier:
I do not believe a multiplier is appropriate because (1) this case is a category I public policy enforcement claim more than anything else and those cases do not generally contain factors which would justify a multiplier and (2) the fee awarded is sufficient to compensate plaintiff's lawyer. Standard Guarantee Insurance Co. v. Quanstrom, supra.

Mangel's fee contract with Blau contained a provision pursuant to which *723 Blau was entitled to "40% of any proceeds realized by judgment, award or settlement which exceed Client's actual damages," plus "reasonable attorney's fees payable to attorney as determined by Court Order in accordance with statutory and case law." Blau apparently had already received $12,000, representing 40% of the proceeds realized in excess in Mangel's actual damages, from his client pursuant to the first portion of this provision. The trial court determined that Blau had incurred a total of $24,885.00 in "reasonable" attorney fees, but deducted the $12,000 already received by Blau from the award, leaving a total due from defendants of $12,885.00, plus interest. On appeal, Blau contends that the trial court erred in deducting the $12,000 from his final attorney fee award.
Appellees contend that the deduction made by the trial court was proper, in part because the $12,000 already received by Mangel was part of the reasonable fee to be paid to Blau. Defendants also urge that Blau's fee agreement with Mangel provides for the payment of an "excessive" or "unreasonable" fee. The fee sought by Blau totals in excess of sixty percent of Mangel's total award, when the $12,000 is added to the $24,885 found to be a reasonable fee. Appellees contend that Blau is entitled to either a reasonable fee or to a contractual fee, but not both. They further contend that the $12,000 deduction was proper because, absent the deduction, Blau would have received a total of $36,000 in fees, contrary to the trial court's finding that a reasonable fee was $24,000. They similarly argue that receipt of such sum would have been in excess of the "reasonable fees" authorized by the Deceptive and Unfair Trade Practices Act, pursuant to which fees were supposedly awarded.
We find no error in the ruling of the lower court. The court was faced with determining the fees issue in light of the agreement between Bob Dance Dodge and Mr. Mangel, Mr. Mangel's agreement with Mr. Blau, and the overarching ethical limitation on fee recovery by Blau.[1] The trial judge fashioned a fee recovery that limited Blau to one fee that the court determined was the reasonable fee appropriate for Blau's representation in this case. It further gave effect to Mr. Mangel's agreement to pay a portion of this recovery as a fee to Mr. Blau. Arguably, it is inconsistent with Bob Dance Dodge's agreement that Mangel was entitled to both his damages and recovery of reasonable fees but the agreement is ambiguous when read in light of the underlying Mangel/Blau contract.[2]
Mangel next contends that the trial court erred in determining that his attorney was not entitled to recover fees for the time spent litigating the amount of his fees. He sets forth two reasons. He first notes that at least some of the time was *724 spent litigating the amount of his costs, for which he is entitled to fees. However, Mangel had the burden of showing the amount of fees and/or costs he was entitled to recover. See Sullivan v. Sullivan, 677 So.2d 986 (Fla. 5th DCA 1996); Gray v. Bradbury, 668 So.2d 296 (Fla. 1st DCA 1996). By failing to separate or apportion the recoverable fees from the nonrecoverable fees, he failed in his burden.
Mangel also argues that he has an interest in passing his fee obligations on to defendants, since his fee agreement with Blau required Mangel to pay Blau for the time spent litigating both entitlement to and the amount of his fees. This contractual provision is apparently designed to avoid the rule of State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993). Mangel therefore asserts that he should be able to recover Blau's fees as part of his "reasonable fees." However, Mangel's own fee arrangement with Blau is not determinative of the fees he is entitled to recover as reasonable attorney's fees. The trial court did not err in denying additional fees for the time spent establishing the amount of Mangel's costs and fees.
Mangel next contends that the trial court erred by refusing to require defendants to produce their own attorneys' time records, which Mangel intended to use at the fee hearing. Mangel contends that the time records of opposing counsel were relevant to determining the amount of his own fee and that the failure to require the production of these records, as well as to permit their introduction into evidence, constituted an abuse of discretion. Mangel argues that the ruling was "particularly egregious" in this case, due to defendants' claims that the case was over-litigated.
Mangel cites a number of cases in which courts have recognized that the fee records of opposing counsel can be considered relevant to an award of fees. Chrysler Corp. v. Weinstein, 522 So.2d 894 (Fla. 3d DCA 1988); LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982). Relying on a circuit court opinion, he also asserts that the prevailing rule among the federal courts is that the hours expended by the defense counsel on a case are relevant in determining what hours the plaintiffs counsel should reasonably have spent. See Bouyer v. Fortune Ins. Co., 28 Fla.Supp.2d 39 (Fla. 9th Cir.Ct.1987).
There appears to be a split of authority on the issue of whether opposing counsel's fees are discoverable and admissible into evidence in a fee proceeding. See Davis v. Fidelity Techs. Corp., 180 F.R.D. 329 (W.D.Tenn.1998). Some courts have held the issue to be irrelevant, because the fees incurred by one side may be influenced by factors which are irrelevant to the other, such at the fact that one side may employ more experienced counsel who bills at a higher rate or the case may have greater precedential value to a defendant than a plaintiff, justifying the expenditure of more money in defense. Id. Other courts admit such evidence, and hold that any characteristics unique to opposing counsel's fees, such as experience of counsel, risks involved, or greater precedential value, go to the weight of the evidence rather than admissibility. Id. Still other courts appear to recognize that the decision rests within the discretion of the trial court, and have refused to find an abuse of discretion regardless of whether the fees are admitted or excluded. Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 776 F.2d 646, 659 (7th Cir.1985); In Re Fine Paper Antitrust Litigation, 751 F.2d 562, 587 (3rd Cir.1984); Johnson v. University College of University of Alabama, 706 F.2d 1205, 1208 (11th Cir.1983).
Florida has not yet adopted a hard and fast rule regarding the discovery and admission of opposing counsel's fees. This reflects the salutary view that the discovery may be justified in some cases but not in others and that it is a matter that should rest within the sound discretion of the trial court. Given the history of this *725 litigation, we find no abuse of discretion in the decision not to order discovery.
We do, however, find error in the court's refusal to allow fees for the fee expert as a taxable cost. The court concluded that such an item was not taxable. The record in this case shows that attorney Fountain did not agree to expend the six hours as a matter of professional courtesy and that he has already been paid by Blau. Given the nature of the case, the size of the file, the amount of time it took to make the necessary file review, the fees issue involved and the attack on the reasonableness of the fees made by Bob Dance Dodge, an award of fees for the expert is appropriate under Travieso v. Travieso, 474 So.2d 1184 (Fla.1985). See Stokus v. Phillips, 651 So.2d 1244 (Fla. 2d DCA 1995).[3]
AFFIRMED in part; REVERSED in part; and REMANDED.
ANTOON, C.J., THOMPSON, JJ., concur.
NOTES
[1] There is authority which indicates that an attorney is limited to the recovery of a "single fee" and that the recovery of more than one fee constitutes an ethical violation. Florida Bar v. Hollander, 607 So.2d 412 (Fla.1992) (suggesting that fee agreement which permits attorney to recover twice for same work was invalid); Seminole County v. Clayton, 665 So.2d 363 (Fla. 5th DCA 1995) (error under statute to permit award of top dollar hourly rate and to supplement it with generous percentage award). This court has also recognized that attorneys have an ethical duty to their clients to charge fair and reasonable fees regardless of how an attorney words a fee agreement. Elser v. Law Offices of James M. Russ, P.A., 679 So.2d 309 (Fla. 5th DCA 1996). Furthermore, the Rules of Professional Conduct, contained with the Rules Regulating the Florida Bar, flatly prohibit the collection of an "excessive" fee. See Rule 4.1.5(a)(1), Rules Regulating the Florida Bar. Pursuant to the rules, a fee is clearly excessive when "after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee exceeds a reasonable fee for services provided to such a degree as to constitute clear overreaching or an unconscionable demand by the attorney ..." Id.
[2] We do not decide whether the fee provision in the Mangel/Blau contract that permits recovery of both a contingent percentage and the reasonable fee awarded by the court is consistent with the Rules of Professional Conduct but we are doubtful.
[3] Mangel also complains of the lower court's refusal to apply a multiplier to the fees. We find no abuse of discretion and see no merit to this point on appeal.