866 So.2d 160 (2004)
BROWN DISTRIBUTING COMPANY OF WEST PALM BEACH, Petitioner,
v.
Gale MARCEL, Respondent.
No. 4D04-388.
District Court of Appeal of Florida, Fourth District.
February 19, 2004.
Christine D. Hanley of Christine D. Hanley & Associates, P.A., West Palm Beach, for petitioner.
No response required for respondent.
KLEIN, J.
After prevailing in a jury trial of an age discrimination case brought under the Florida Civil Rights Act, plaintiff requested *161 production of defense counsel's billing records, on the ground that they were relevant to plaintiff's claim for statutory attorney's fees. The trial court ordered production, and defendant seeks certiorari review contending that they are protected by the work product and attorney/client privilege.
At the hearing on the objection to the request for production, plaintiff explained to the court that her expert wanted to review the amount of time spent by defense counsel in order to arrive at an opinion as to whether the amount of time expended by plaintiff's counsel was reasonable. Plaintiff emphasized that she was only concerned with the amount of time, not the amount charged or any privileged information. The trial court concluded that information as to the amount of time and how it was spent, if not privileged, would be relevant and discoverable. Any information as to the activities performed by counsel, if protected by the work product or attorney/client privilege, was to be redacted.
Defendant argues that we should grant certiorari because the information which is the subject of the order of production is "cat out of the bag" material which will cause irreparable injury. Allstate v. Langston, 655 So.2d 91, 94 (Fla.1995).
Defendant relies on HCA Health Services of Florida, Inc. v. Hillman, 28 Florida Law Weekly D2758, ___ So.2d ___, 2003 WL 22849390 (Fla. 2d DCA Dec.3, 2003); however, the information sought in the present case is narrower than the information regarding the opponent's attorney's fees in Hillman. The Hillman court expressed concerns about the discovery of an opponent's billing records because they could contain attorney/client information, work product, or be irrelevant. Descriptions of services rendered which reveal the mental impressions and opinions of counsel could be privileged, Old Holdings v. Taplin, Howard, Shaw & Miller, P.A., 584 So.2d 1128 (Fla. 4th DCA 1991), but are not at issue here.
Defendant also cites Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720 (Fla. 5th DCA 1999); however, in that case the court recognized that a number of courts have allowed discovery of an opponent's fee information. Mangel involved an appeal from final order, not a petition for certiorari, and the court affirmed, finding no abuse of discretion in the trial court's refusal to require production of defendant's attorney's time records.
Defendant has cited no authority holding that the limited information sought in this case is privileged. It is accordingly not "cat out of the bag" information contemplated by Langston which would give us certiorari jurisdiction.
Although a discussion of whether opposing counsel's time records are relevant is unnecessary, because this court does not review discovery orders requiring production by certiorari where the only argument is relevancy, we briefly address that for the benefit of the trial bench and bar. We agree entirely with the trial court's decision in this case that this information was relevant. State Dept. of Transp. v. Skidmore, 720 So.2d 1125 (Fla. 4th DCA 1998) (approving hours spent by counsel for property owner in condemnation case and noting that it was not inconsistent with hours spent by the DOT's counsel); Shudlick v. Shudlick, 618 So.2d 740, 741 (Fla. 4th DCA 1993) (affirming fee award to wife, noting it was not "out of line" with husband's legal fees); Chrysler Corp. v. Weinstein, 522 So.2d 894 (Fla. 3d DCA 1988) (affirming a finding that counsel's hours were not excessive when compared to opponent's counsel's hours).
*162 Because the defendant has failed to demonstrate that production of this information will cause irreparable injury, we dismiss the petition for certiorari for lack of jurisdiction.
SHAHOOD and MAY, JJ., concur.