Ralph W. KEITH, et al., Plaintiffs,

v.

John A. VOLPE, as Secretary of Transportation, et al., Defendants.

Earl WRIGHT, et al., Additional Plaintiffs on Supplemental Complaint,

v.

CITY OF HAWTHORNE, a municipal corporation, et al., Defendants on Supplemental Complaint.

California Department of Housing and Community Development, et al., Intervenors on Supplemental Complaint.

Goldrich & Kest, Inc., a California corporation, Intervenors on Supplemental Complaint.

No. CV 72–355–HP.

United States District Court, C.D. California.

Aug. 26, 1986.

See also, D.C., 644 F.Supp. 1317.

Office of the Atty. Gen. State of Cal., Los Angeles, Cal., for Dept. of Housing and Community Development.

Richard H. Levin, A Law Corp., Stephen A. Seideman, Los Angeles, Cal., for Goldrich & Kest, Inc., a California Corp.

Center for Law in the Public Interest, Bill Lann Lee, Elsa Leyva, Los Angeles, Cal., for plaintiffs.

Dept. of Transp., Bruce Behrens, Joel G. Philipp, Sacramento, Cal., for State of Cal.

Burke, Williams & Sorensen, Richard R. Terzian, Cristina L. Sierra, Los Angeles, Cal., for City of Hawthorne.

### ORDER RE: AWARD OF ATTORNEYS' FEES AND OUT–OF–POCKET EXPENSES

PREGERSON, Circuit Judge, sitting by designation.

Plaintiffs seek a further award of attorneys' fees and out-of-pocket expenses for work performed monitoring defendants' compliance with the amended consent decree that this court entered in 1981. The present applications cover the period from November 1984 to February 1986. The court has had the benefit of extensive briefing by both parties, oral argument, and additional post-argument information provided at the court's request. The court awards the plaintiffs $179,320.00 in attorneys' fees and $3,535.70 in out-of-pocket expenses.

#### A.

■ This is the fourth award of attorneys' fees and out-of-pocket expenses in this case. In 1980, the court awarded plaintiffs expenses covering the period from the filing of the suit (1972) until the entry of the original consent decree (1979). *See Keith v. Volpe,* 501 F.Supp. 403 (C.D. Cal.1980). In 1982, 1984, and 1985, as part of its continuing jurisdiction over the matter, the court made supplemental awards to the plaintiffs. These awards compensated plaintiffs for considerable time spent monitoring the implementation of the complex and wide-ranging consent decree, ensuring compliance with the decree's terms, and advising the court of revisions to the decree required by unexpected developments as this nearly $2 billion public works project progressed into the construction stage.

The present applications seek compensation for this continuing work between November 1984 and November 1985, and November 1985 and February 1986. During this fifteen month period, state and federal

authorities have taken significant steps towards achieving the public benefits in transportation, housing, and employment that the consent decree was intended to provide. Several unexpected problems have arisen in implementing a number of aspects of the decree, and the plaintiffs' mostly justified and generally successful efforts in resolving these problems are reflected in these applications.

Further difficulties will undoubtedly arise as the freeway and its related public works projects and social programs are completed. The court has repeatedly emphasized the need for close cooperation between the parties and for an empathetic understanding of each others' positions. Unfortunately, an unhelpful rigidity and apparent preference for confrontation marked the earlier part of the period covered by these applications, necessitating the court's involvement in matters that the parties should have settled by negotiation. The court has noted an appreciable improvement in relations in recent months. During this period, the parties have had the benefit of the good offices of Professor Murray Brown of California State University at Los Angeles. Professor Brown's mediation has undoubtedly assisted the parties in amicably resolving certain particularly fractious and difficult issues. The court encourages the parties to continue with their present willingness to resolve difficult issues in this constructive and non-confrontational manner.

The court notes the following important actions undertaken by plaintiffs that effectuated the purposes of the consent decree during the period covered by these applications: (1) providing quarterly comprehensive reports to the court which summarize the progress made in implementing the decree and draw to the court's attention potential areas of difficulty; (2) successfully defending on appeal the court's decision relating to the composition of the board of the Century Freeway Affirmative Action Committee, *see Keith v. Volpe*, 784 F.2d 1457 (9th Cir.1986); (3) raising, and assisting in the resolution of, several important aspects of the consent decree's employment

affirmative action plan; and (4) aiding the Office of the Corridor Advocate in resolving various administrative and substantive difficulties associated with the decree's housing replacement plan.

The court finds that this work was necessary to effectuate the consent decree, and concludes that this justifies a further award of attorneys' fees pursuant to 42 U.S.C. § 1988. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* —— U.S. ——, 106 S.Ct. 3088, 3094–96, 92 L.Ed.2d 439 (1986); *Keith v. Volpe,* 643 F.Supp. 37 (C.D.Cal.), *appeal docketed,* No. 85–6591 (Dec. 17, 1985); *Keith,* 501 F.Supp. at 405–08.

California Department of Transportation ("Caltrans") contends that the the the eleventh amendment prohibits the plaintiffs' fees' applications. The court rejected this argument in 1980, and Caltrans has provided the court with no reason to revise the view expressed then. *See* 501 F.Supp. at 406–07 (citing *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)).

Caltrans also argues that the defendants, including the United States, should prorate any further fees' award among themselves, and that all the plaintiffs, not only those represented by the Center for Law in the Public Interest, should benefit from any award. Neither argument has merit. The court awards fees for work performed in effectuating the implementation of the consent decree. While the federal government has an important financing role in the freeway projects, the decree places the primary task of implementation of its terms upon Caltrans and other state agencies. The court also notes that the United States Claims Court has rejected a claim by Caltrans to apportion liability in this case. As to sharing the benefits of an award, the court awards fees *only* for appropriate work reasonably and demonstrably performed. This fees' award represents the court's assessment of the work performed by the Center for Law in the Public Interest; the court would independently address

any claims presented by any other plaintiffs.

### B.

As the Ninth Circuit recently observed, courts generally do not welcome the task of determining reasonable attorneys' fees. *See Planned Parenthood of Central and Northern Arizona v. Arizona,* 789 F.2d 1348, 1352 (9th Cir.1986). The court's experience with assessing fees in this case conforms with this sentiment. Each application has produced a daunting stack of briefs, charts, and printouts, accompanied by a vitriolic exchange of charges and countercharges about whether each claimed hour is reasonably compensable. These fee applications now take up a significant amount of the court's time and form a disproportionate part of the fees claimed in the succeeding application.

Given the prospect of, perhaps, another eight to ten years before the decree's programs are completed, the court believes it necessary for the parties to agree promptly on a quicker, cheaper, saner way of dealing with the problem of assessing plaintiffs' attorneys' fees. The court appreciates Caltrans' lack of enthusiasm for paying fees, but it should now be apparent that the court believes that plaintiffs play a necessary role in monitoring the decree. The court will continue to award fees for time reasonably spent in fulfilling this essential function.

Before the next quarterly application, the court will expect the parties to meet and agree on a method of presenting the fees' application which will allow the court to assess the merits of the claim against a single set of objections by Caltrans. The clash of methodologies probably creates the severest difficulty for the court in resolving the fee applications. The court suggests that plaintiffs discontinue their present practice of serial billing. Often one time block entry will cover several related, but discrete activities making disaggregation of claimed time into various activities essentially an impossible task. The parties should then agree on catego- ries of activity; for example, travel, court appearance, phone conversations, meetings with one attorney, meetings with two attorneys, meetings with one attorney and a paralegal, preparing a brief, filing documents, and so on. The application should then state *for each person* for whom fees are claimed, the *subject matter of the claim*—for example, subcontractors' certification, quarterly status conference, or inverse condemnation study—*broken down by activity category.* Of course, complete documentary support for the hours claimed must accompany the application.

The court is not requiring the parties to present a stipulated application. The court expects the parties to continue to contest both the lodestar amount and hourly rates. However, if both parties direct their energies to contesting the application on broadly similar terms, the need for extended litigation over fees will be significantly reduced.

### C.

The court has reviewed carefully the documents, declarations and exhibits filed in support of and in opposition to these applications. In determining a reasonable fee award, the court followed the approach set forth in *Moore v. Jas. A. Matthews & Co.,* 682 F.2d 830, 840–41 (9th Cir.1982). This approach uses the lodestar analysis of *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 167–69 (3d Cir.1973) as a procedure for ordering the twelve factors enunciated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). *See Delaware Valley,* 106 S.Ct. at 3097–98 (endorsing blended lodestar analysis); *Harris v. McCarthy,* 790 F.2d 753, 758 (9th Cir.1986) (endorsing *Kerr* factors).

The court has reduced the total number of hours claimed by 634.4 hours from 2432.8 hours to 1798.4 hours. This reduction acknowledges the Supreme Court's admonition that a statutory fee request should reflect the "billing judgment" that

attorneys routinely exercise in billing private clients. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Planned Parenthood,* 789 F.2d at 1352. The court has reduced the total claimed time by: 83.95 hours for time spent traveling between meetings other than court appearances; 77.8 hours for time spent in meetings involving more than two attorneys; 300 hours—approximately half that claimed—for time spent on these and earlier fees' applications; 170.7 hours for time spent on filing, document organization and other clerical matters that should be covered in hourly rates as normal overhead; 1.25 hours spent on matters relating to medical expenses fraud at the Corridor Advocate's office; and 0.7 hours spent on media-related matters.

The plaintiffs have offered affidavits from partners in three Los Angeles law firms to support their claimed hourly rates. One of these affidavits reports a billing system that sets one hourly rate for all attorneys regardless of experience and another, lower rate for all non-attorney staff. While this unitary billing system has the appeal of simplicity, the traditional billing arrangement of escalating fees according to skill and experience comports better with the Supreme Court's requirement that reasonable fees under section 1988 be calculated according to prevailing market rates in the relevant legal community. *See Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The court has employed current hourly rates to compensate for inflation. *See Burgess v. Premier Corp.,* 727 F.2d 826, 841 (9th Cir.1984).

The purpose of section 1988 is to ensure that private parties are able to secure effective counsel to protect rights guaranteed by federal law. *See Delaware Valley,* 106 S.Ct. at 3098. The rates claimed by plaintiffs reflect premium rates charged to substantial corporate clients for mainly commercial matters. The relevant comparable hourly rate here, however, is that appropriate for complex federal litigation of this kind. *See City of Riverside v. Rivera,* —— U.S. ——, 106 S.Ct. 2686, 2695, 91 L.Ed.2d 466 (1986).

Thus, the court has reduced somewhat the rates claimed by plaintiffs. In making this determination, the court has not had the benefit of any declarations from the defendants indicating that the rates suggested in the plaintiffs' declarations are not those prevailing for comparable civil rights and environmental impact litigation in Los Angeles. The court encourages the defendants to provide such declarations when responding to future fees applications. The court, has therefore, relied on its prior orders in this case, the rates recently awarded in comparable cases, and its own experience of legal practice in Los Angeles in determining appropriate hourly rates.

Plaintiffs seek reimbursement at the full attorney hourly rate for work performed by law clerks who were then law students working unpaid for class credit. The court considers that plaintiffs should receive reimbursement at an hourly rate sufficient to defray the additional office costs that unpaid staff incur.

The court thus finds the following hours and rates to be fair and reasonable:

| | TOTAL HOURS × | HOURLY RATE = | LODESTAR AMOUNT |
|---|---|---|---|
| Phillips | 436.95 | $180.00 | 78,651.00 |
| Lee | 31.1 | 140.00 | 4,354.00 |
| Leyva | 426.1 | 90.00 | 38,349.00 |
| Wiener | 488.45 | 80.00 | 39,076.00 |
| Watson | 320.8 | 50.00 | 16,040.00 |
| Kern | 37.0 | 30.00 | 1,110.00 |
| Day | 58.0 | 30.00 | 1,740.00 |
| | | | $179,320.00 |

Plaintiffs also seek $3,535.70 in out-of-pocket expenses. Defendants do not contest these expenses. The court has examined the details of this part of the claim and awards the claimed amount to the plaintiffs. *See International Woodworkers of America, Local 3-98 v. Donovan,* 769 F.2d 1388, 1392 (9th Cir.1985).

Therefore, IT IS HEREBY ORDERED that the defendant, California Department of Transportation, shall pay plaintiffs' counsel, the Center for Law in the Public Interest, the total sum of $182,855.70 plus

interest at the legal rate from the date of entry of this order.