Barbara J. MEADE, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 2:99–CV–00096.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Aug. 30, 2002.

Paul L. Phipps, Lee & Phipps, P.C., Clintwood, Virginia, for Plaintiff.

Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Defendant.

## OPINION

JONES, District Judge.

In this social security action, I am asked to rule on a motion for an attorney's fee.

Barbara J. Meade filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner")[1] denying the plaintiff's claims for a period of disability and disability insurance benefits under title II of the Social Security Act, 42 U.S.C.A. §§ 401–433 (West 1991 & Supp.2002) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) (West Supp.2002).

The Commissioner answered the suit, filing the administrative record. Thereafter, the court remanded the case to the Commissioner for further proceedings. The Commissioner subsequently awarded Meade disability benefits, effective as of June 14, 1994. The plaintiff's attorney has now filed a petition seeking approval of a fee of $3,200 for representing the plaintiff in this court.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled ...." 42 U.S.C.A. § 406(b)(1)(A) (West Supp.2002). The Fourth Circuit, construing the legislative history, has held that the twenty-five percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Social Sec. Admin.*, 689 F.2d 495, 497 (4th Cir.1982).

The Supreme Court has recently held that a district court, in determining a fee under § 406(b)(1)(A), must consider any contingency fee arrangement between the client and the attorney, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart*, —— U.S. ——, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).[2]

In the present case, however, the contingent fee agreement that has been submitted to the court appears to be limited to proceedings before the Social Security Administration.[3] Accordingly, I must consider the fee request under the traditional "lodestar" factors as set forth in

---

1. Jo Anne B. Barnhart became Commissioner of Social Security, effective November 9, 2001. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C.A. § 405(g), Jo Anne B. Barnhart is automatically substituted as the defendant in this action.

2. This case overruled prior precedent in this circuit. *See Craig v. Sec'y, Dep't of Health & Human Servs.*, 864 F.2d 324, 327 (4th Cir. 1989). In *Craig*, the court held that it was necessary to use the so-called "lodestar" method of fee determination, whereby a reasonable hourly rate is fixed. *See id.* at 327–28.

3. The agreement is on a form that states: "The following fee agreement must be signed by both the claimant and the representative specifying the fee the representative expects to charge and the claimant expects to pay for services the representative provides in pursuing the claimant's benefits rights before the SSA." The agreement provides for a fee of the lesser of 25% of past-due benefits or $4000. At the time, that was the limit the agency would approve as a fee for representing a claimant in the administrative proceedings. *See Gisbrecht v. Barnhart*, 122 S.Ct. at 1821.

*Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *See Blankenship v. Schweiker,* 676 F.2d 116, 117 (4th Cir.1982). The fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ In the present case, the petitioner has not supplied any evidence other than the itemized time spent in the proceedings in this court. The Commissioner suggests that $150 per hour would be a proper fee. This court has allowed such an hourly rate in other social security cases. *See, e.g., Lambert v. Apfel,* 89 F.Supp.2d 748, 750 (W.D.Va.2000).

Under these circumstances, I find that taking into account all of the relevant factors, including the contingency risk inherent in social security disability cases, a fee of $150 per hour is proper.

■ The plaintiff's attorney has submitted an itemized record of his time expended in the case in this court. Subtracting time that is non compensable, I find that 16.50 hours were properly spent on legal services in this court.[4]

For the foregoing reasons, a judgment will be entered awarding the plaintiff's attorney a fee of $2,475.

---

[4]. The time records show a total of 21.75 hours, but .75 hours of the time was spent in proceedings after the remand of the case to the Commissioner and 2.5 hours of time was clerical in nature. *See Keith v. Volpe,* 644 F.Supp. 1312, 1316 (C.D.Cal.1986) (holding that purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated). In addition, 2.5 hours was claimed for preparation of the fee petition, which involves a task largely clerical in nature. I will allow .50 hours for preparation of the fee petition.