**Johnson Poku OKYERE, Plaintiff,**

v.

**PALISADES COLLECTION, LLC, et al., Defendants.**

**No. 12 Civ. 1453 (GWG).**

United States District Court, S.D. New York.

Signed May 26, 2014.

Filed May 27, 2014.

---

150

Ahmad Keshavarz, Ahmad Keshavarz, Law Offices, Brooklyn, NY, Shanna Marie Tallarico, Yisroel Schulman, New York Legal Assistance Group, New York, NY, for Plaintiff.

Jonathan Justin Greystone, Spector Gadon & Rosen, P.C., Philadelphia, PA, Jay Shapiro, Zareef Jalal Nurul Ahmed, White & Williams, LLP, New York, NY, for Defendants.

*MEMORANDUM ORDER*

GABRIEL W. GORENSTEIN, United States Magistrate Judge.

On April 25, 2014, the Court approved a stipulation reciting that the parties had reached a settlement of this case. *See* Stipulation and Order as to Plaintiff Having Prosecuted a "Successful Action" for Fee Award to be Decided by Arbitration, dated Apr. 25, 2014 (Docket # 110). It also stated that plaintiff had prosecuted a "successful action" within the meaning of 15 U.S.C. § 1692k(a)(3) and thus was entitled to collect "reasonable attorney's fees and costs" from defendants—a matter the parties agreed would be decided by an arbitrator. *Id.* Now before the Court is plaintiff's request to compel defendants to produce the billing records of their attorneys, arguing that these documents are relevant to establishing the reasonableness of the fees plaintiff seeks to be

awarded. *See* Letter from Ahmad Keshavarz, dated Apr. 29, 2014 (Docket # 111) ("Pl. Apr. 29 Letter"); Letter from Ahmad Keshavarz, dated Mar. 28, 2014 (annexed as Ex. 1 to Pl. Apr. 29 Letter). Defendants have opposed the motion. *See* Letter from Stuart Riback, dated May 6, 2014 (Docket # 115); Letter from Jonathan Greystone, dated May 8, 2014 (Docket # 118); Letter from Jay Shapiro, dated May 14, 2014 (Docket # 120).

■ Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery of any non-privileged information "that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Courts have found a defendant's attorney's fee records to be relevant in assessing the reasonableness of a plaintiff's claim for attorney's fees where the number of hours worked by defense counsel is indicative of the number of hours plaintiff's counsel reasonably should have spent litigating the case. For example, *Mendez v. Radec Corp.*, 818 F.Supp.2d 667 (W.D.N.Y.2011), found the defendants' fee records to be discoverable where defendants "used their own hours and rates as yardsticks by which to assess the reasonableness of those sought by plaintiffs." *Id.* at 669. However, courts have found a defendant's fee records not to be discoverable where they have no probative value as to the number of hours a reasonable attorney would have spent litigating the case. *See, e.g., Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986); *Ohio–Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659–60 (7th Cir.1985); *see generally Mirabal v. Gen. Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir.1978) (explaining that a defendant's attorney's fees may not be indicative of reasonable fees because "a plaintiff's attorney, by pressing questionable claims and refusing to settle except on outrageous terms, could force a defendant to incur substantial fees which he later uses as a basis for his own fee claim"). "The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the trial court." *Cohen v. Brown Univ.*, 1999 WL 695235, at *3 (D.R.I. May 19, 1999); *accord Marks Const. Co., Inc. v. Huntington Nat. Bank,*

2010 WL 1836785, at *3 (N.D.W.Va. May 5, 2010); *Zhang v. GC Servs., LP,* 537 F.Supp.2d 805, 809 (E.D.Va.2008).

■ Here, plaintiff has made no showing as to why the number of hours expended by defendants on this case will be probative of the number of hours plaintiff's counsel should reasonably have expended. *See, e.g., Zhang,* 537 F.Supp.2d at 809 (denying request to compel production of defendant's fee records where plaintiff did not "provide any compelling explanation of the relevance of defense counsel's time sheets"). Nor does this Court have any reason to believe they would be probative. First, unlike the situation in *Mendez,* 818 F.Supp.2d at 669, defendants have not asserted that they plan to argue that the amount of time that defense counsel spent litigating the case would serve as a proper benchmark for the number of hours plaintiff's counsel reasonably expended. Indeed, it often arises that defendants have reason to devote far greater resources to defending a suit than plaintiff has to prosecuting it. *See, e.g., Ohio–Sealy Mattress Mfg. Co.,* 776 F.2d at 659 ("the task of defending a civil case may require more work than the task of prosecuting" and thus "[t]he number of hours spent defending the case may therefore have little relevance to the number of hours reasonably expended by the plaintiff's counsel").

Second, in this case plaintiff required defendants to expend significant resources to move to dismiss meritless claims. As reflected in the Court's decision in *Okyere v. Palisades Collection, LLC,* 961 F.Supp.2d 508 (S.D.N.Y.2013), plaintiff included many claims in his complaint that could not survive a motion to dismiss, thereby requiring defendants to engage in extensive briefing addressing them.[1] In other words, plaintiff's actions caused defendants to invest time preparing and writing briefs to address claims that should not have been pleaded in the complaint in the first place. See *generally Hernandez,* 793 F.2d at 268 (time records not probative where "defendants' counsel were required to spend unnecessary time and effort due to lack of diligent prosecution on the part of plaintiffs' counsel"). While the hours plaintiff spent trying to justify these meritless claims presumably will not be awarded to plaintiff, *see, e.g., Leyse v. Corporate Collection Servs., Inc.,* 545 F.Supp.2d 334, 337 (S.D.N.Y.2008) ("unnecessary" hours to be excluded from fee award under 15 U.S.C. § 1692k(a)(3)), they will still be reflected in defendants' billing records. Plaintiff also caused the unnecessary expenditure of defendants' time by failing even to address in his original motion papers the one claim contained in his complaint that could survive a motion to dismiss, *see Okyere,* 961 F.Supp.2d at 521 n. 9, thereby requiring a new round of briefing. The Court recalls that there were other instances where plaintiff took positions that unnecessarily increased defendants' attorney's fees—such as by seeking disproportionate discovery. *See, e.g.,* Transcript of Proceedings on November 12, 2013, filed May 22, 2014 (Docket #124), at 18–19. Countering these unnecessary discovery requests similarly resulted in hours expended by defendants on tasks for which plaintiff is not likely to be compensated.

In sum, in light of the lack of relevance of defendants' time records, plaintiff's motion to

---

1. *See* Notice of Motion to Dismiss the First Amended Complaint, filed June 21, 2012 (Docket #27); Memorandum of Law in Support of Houslanger & Associates, PLLC and Todd Houslanger's Motion to Dismiss, filed June 21, 2012 (Docket #28); Declaration of Jay Shapiro in Support of Motion to Dismiss, filed June 21, 2012 (Docket #29); Reply Memorandum of Law in Response to Plaintiff's Opposition of Houslanger & Associates, PLLC and Todd Houslanger's Motion to Dismiss the First Amended Complaint, filed July 20, 2012 (Docket #42); Notice of Motion to Dismiss, filed July 9, 2012 (Docket #35); Memorandum of Law in Support of Defendant Ronald Moses's Motion to Dismiss, filed July 9, 2012 (Docket #36); Declaration of Stuart M. Riback in Support of Motion to Dismiss, filed July 9, 2012 (Docket #37); Reply Memorandum of Law in Further Support of Ronald Moses's Motion to Dismiss, filed July 30, 2012 (Docket #45); Notice of Motion, filed Aug. 30, 2012 (Docket #53); Memorandum of Law in Support of Defendant's, Palisades Collection, LLC, Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to F.R.C.P. 12(c), filed Aug. 31, 2012 (Docket #55); Declaration of Jonathan J. Greystone in Support of Motion to Dismiss, filed Aug. 31, 2012 (Docket #56); Reply Memorandum of Law in Response to Plaintiff's Opposition to Defendant's, Palisades Collection, LLC, Motion for Judgment on the Pleadings, filed Oct. 3, 2012 (Docket #67).

compel their production is denied.[2]

SO ORDERED.

**2.** This decision focuses on the relevance of the billing records for purposes of determining the number of hours reasonably expended by plaintiff. While the parties have not addressed whether plaintiff is entitled to discovery as to the hourly rates charged by defendants' attorneys, such discovery is also irrelevant inasmuch as the hourly rate awarded to plaintiff must be the rate that would be paid by a client "who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections,* 522 F.3d 182, 184 (2d Cir.2008). There is no evidence in the record that would allow us to find that defense counsel here were charging fees at the lowest possible end of the range of reasonable market rates. Thus, defense counsel's rate would not be probative of the reasonable rate plaintiff's counsel should be awarded.